IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAKE BRADLEY MCLEMORE,<br>TDCJ No. 1992446, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| | § | |
| v. | §<br>§ | Civil Action No. 7:19-cv-00046-M-BP |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed

May 7, 2019; the Motion to Stay Petition for Writ of Habeas Corpus, ECF No. 2; and the Motion

to Proceed on § 2254 Application, ECF No. 8. After considering the pleadings and the applicable

legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge

Barbara M. G. Lynn **DISMISS** the Petition for Writ of Habeas Corpus with prejudice as time-

barred and **DENY** the Motion to Stay Petition for Writ of Habeas Corpus and the Motion to

Proceed on § 2254 Application as **MOOT**.

**I. BACKGROUND**

Jake Bradley McLemore ("Petitioner") is a prisoner confined in the Coffield Unit of the

Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas. ECF No. 1. He

challenges the validity of his Young County conviction of continuous sexual abuse of a young

child. *Id.* at 2; *see Case: 02-15-00229-CR*, SECOND COURT OF APPEALS, http://search.txcourts.gov/

Case.aspx?cn=02-15-00229-CR&coa=coa02 (last visited Oct. 21, 2019). The Second District

Court of Appeals affirmed his conviction on August 18, 2016, and the Texas Court of Criminal

Appeals ("TCCA") refused his Petition for Discretionary Review ("PDR") on December 14, 2016.

*McLemore v. State*, No. 02-15-00229-CR, 2016 WL 4395778 (Tex. App.—Fort Worth Aug. 18,

2016, pet. ref'd) (mem. op., not designated for publication). He did not file a petition for writ of

certiorari with the Supreme Court of the United States. *See* ECF No. 1 at 3.

Petitioner filed a petition for state habeas relief on March 2, 2018, and the TCCA denied

the petition on February 27, 2019. *Case: WR-88,114-01*, COURT OF CRIMINAL APPEALS, http://

search.txcourts.gov/Case.aspx?cn=WR-88,144-01&coa=coscca (last visited Oct. 21, 2019).

Petitioner claims in his Petition that he filed a second petition for state habeas relief on April 20,

2019, but there is no record of a second petition on the docket of his case. *See* ECF No. 1 at 4. On

May 7, 2019, Petitioner filed the instant Petition. ECF No. 1.

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under

28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326,

329 (5th Cir. 1999).

### A. Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-

year statute of limitations for an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86,

97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari,

3

his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

Petitioner's conviction became final on March 14, 2017, ninety days after the TCCA refused his PDR. Consequently, the AEDPA one-year limitation period ended on March 14, 2018.

### B. Petitioner is Entitled to Statutory Tolling

AEDPA states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

On March 2, 2018, Petitioner filed a petition for state habeas relief, which was pending for 362 days until the TCCA denied it on February 27, 2019. Therefore, Petitioner is entitled to 362 days of tolling, moving the AEDPA-imposed deadline from March 14, 2018 to March 11, 2019. Even if Petitioner filed an additional petition for state habeas relief on April 20, 2019 as he alleges, that petition would not affect the limitation period because it would have been filed after the period ended. Because Petitioner filed the instant Petition on May 7, 2019, almost two months after the AEDPA period ended, his Petition should be dismissed as time-barred.

### C. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare

and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not establish that he pursued habeas relief with reasonable diligence, and he does not show extraordinary circumstances that prevented timely filing. He does not explain why he filed the instant Petition two months late, and he does not argue that the defendant actively misled him. Because Petitioner does not establish the two elements of equitable tolling, he is not entitled to such tolling. Because his Petition should be dismissed as time-barred, his Motion to Stay Petition for Writ of Habeas Corpus, ECF No. 2, and Motion to Proceed on § 2254 Application, ECF No. 8, should be denied as moot.

### III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned

**RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** the Petition for Writ of Habeas Corpus with prejudice as time-barred and **DENY** the Motion to Stay Petition for Writ of Habeas Corpus and the Motion to Proceed on § 2254 Application as **MOOT**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 21, 2019**.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6