IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JAKE BRADLEY MCLEMORE, § | |
| TDCJ No. 1992446, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00046-M-BP |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on May 7, 2019. ECF No. 3. Petitioner Jake Bradley McLemore ("McLemore"), an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court are McLemore's Petition for Writ of Habeas Corpus (ECF No. 1) filed on May 7, 2019, Respondent's Response (ECF No. 32) filed on November 12, 2020, and McLemore's Objection and Affidavit to Respondent's Response (ECF Nos. 36 and 37) both filed on January 5, 2021.

After considering the pleadings, briefs, and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

**I.  BACKGROUND**

In his petition, McLemore challenges the validity of his conviction of continuous sexual abuse of a young child in case number 10259, in the 90th Judicial District Court of Young County,

Texas. ECF No. 1 at 2. On April 24, 2015, a jury found McLemore guilty and sentenced him to thirty years in prison. *Id.* The Second District Court of Appeals affirmed his conviction on August 18, 2016. ECF No. 24-3. The Texas Court of Criminal Appeals ("TCCA") refused his Petition for Discretionary Review ("PDR") on December 14, 2016. ECF No. 24-11. He did not file a petition for writ of certiorari in the Supreme Court of the United States. ECF No. 1 at 3.

On January 2, 2018, McLemore filed a *pro se* application for a state writ of habeas corpus, which his retained counsel amended on July 25, 2018. ECF Nos. 25-13 at 6, 25-14 at 42-59, and 25-15 at 1-5. The TCCA denied the application on February 27, 2019. ECF No. 25-6. On April 23, 2019, McLemore filed a second state writ application, which the TCCA dismissed as subsequent under Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c) on November 20, 2019. ECF Nos. 25-28 and 25-29 at 40.

On May 7, 2019, McLemore filed the instant petition. ECF No. 1. In it, McLemore contests his state conviction on two grounds. First, he asserts that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by: (a) failing to object to testimony regarding the complainant's testimony; (b) failing to object to testimony regarding his refusal to take a mental health examination on the basis that it violated his Fifth Amendment right against self-incrimination; (c) failing to ask critical voir dire questions; (d) requesting a jury shuffle; (e) eliciting testimony regarding offenses of child abuse and parental neglect committed by his wife which "opened the door" to the prosecutor; and (f) not being prepared for trial. *Id.* at 6-8. Second, he claims that the trial court committed error by ordering a jury shuffle after the State's voir dire. *Id.*

In response, Respondent contends that claims 1(c-f) and 2 are procedurally barred because McLemore did not raise them in his previous state habeas application, and he did not demonstrate

2

cause and prejudice or that he is actually innocent of the crime for which he was convicted. ECF No. 32 at 8-9. Respondent argues that McLemore's remaining claims 1(a-b), which he did previously raise in his state application, are without merit and should be denied because McLemore did not establish that he was denied effective assistance of trial counsel. *Id.*

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2016).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an

objective one and applies to all federal habeas corpus petitions that, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless they violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The Court presumes that the state court resolved factual issues correctly and will not disturb that resolution unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the Court applies the presumption of correctness provided that the state court's findings were evidenced in writing, issued after a hearing on the merits, and fairly supported by the record. 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

### III.   ANALYSIS

    **A.**   **Claims 1(c-f) and 2 are procedurally barred because McLemore did not raise them in his application for a state writ of habeas corpus, and he has not shown cause and prejudice or a miscarriage of justice.**

A federal court may not consider a state prisoner's constitutional claim for habeas relief if the state court rejected the claim on adequate and independent state grounds. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). In habeas actions, the adequate and independent state ground doctrine "bar[s] federal habeas when a state court decline[s] to address a prisoner's federal

4

claims because the prisoner had failed to meet a state procedural requirement." *Id.* For the doctrine to apply, the state court must have based its decision on a state law ground that is "firmly established and regularly followed" at the time that it was violated. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). If the state court's decision appeared to rest primarily on the resolution of the petitioner's federal claims, or "to be interwoven" with those claims, and the court did not "clearly and expressly" rely on an independent and adequate state ground, a federal court may address the petition. *Coleman*, 501 U.S at 735. However, even if the state procedural rule was independent and adequate, a state prisoner may still obtain federal habeas corpus relief if he can show either (1) sufficient cause and prejudice exist to excuse the procedural default or (2) that imposition of the bar would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

  The state court decided McLemore's state habeas application on independent and adequate grounds under Texas law. The state court denied McLemore's claims pursuant to Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c). ECF Nos. 25-28 and 25-29 at 40-61. While the Fifth Circuit has held that an abuse-of-the-writ doctrine, such as Article 11.07, can qualify as a procedural bar, it still must be decided on independent and adequate grounds. *Emery v. Johnson,* 139 F.3d 191, 195 & n.3 (5th Cir. 1997). The state courts must apply the abuse-of-writ doctrine "regularly or strictly" to the majority of similar claims for its application to be made on independent and adequate grounds. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). In 1994, the TCCA adopted a strict abuse-of-writ doctrine, with a single exception for cause. *See Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994) (en banc) (plurality opinion). The Fifth Circuit has since held that a petitioner's violation of Texas's abuse-of-writ doctrine constitutes an independent and adequate procedural bar to a federal court's consideration of the barred claims.

5

*Emery*, 139 F.3d at 196. Therefore, in applying Article 11.07 of the Code of Criminal Procedure, the state court determined McLemore's claims on independent and adequate grounds.

When a state court explicitly relies on a procedural bar as it has here, a petitioner generally may not obtain federal habeas relief unless he can show either (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750-51. The "cause" under the "cause and prejudice" standard must be an objective factor, external to the petitioner, that cannot be fairly attributed to him. *Glover v. Cain,* 128 F.3d 900, 903 (5th Cir. 1997). To obtain habeas relief due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in the conviction." *Ellis v. Collins,* 956 F.2d 76, 80 (5th Cir.), *cert. denied*, 503 U.S. 915 (1992).

McLemore does not establish cause to avoid the abuse-of-writ doctrine's procedural bar. He claims that his default resulted from his state habeas counsel's amending his habeas application and the TCCA's order "allowing supplementation by amending [his] entire original claims with [counsel's] own." ECF No. 36 at 3-4. McLemore contends that this violated his due process rights under the Fourteenth Amendment, which satisfies the prejudice requirement. *Id.* at 4. McLemore further asserts that ineffective assistance of counsel may constitute cause to overcome a procedural bar. *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986)).

However, the Supreme Court in *Murray* held that the petitioner's counsel's inadvertent failure to raise a substantive claim of error is insufficient to establish cause. 477 U.S. at 488. The Court explained that "cause" requires an external impediment:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with

> a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard.

*Id.* (internal citations and quotations omitted).

Additionally, the Fifth Circuit has held that a court may not excuse for cause the failure to raise a claim in an earlier habeas petition "if the claim was reasonably available" at the time of the first petition. *Selvage v. Collins*, 975 F.2d 131, 133 (5th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993). Claims are "reasonably available" even if their assertion would have been "futile." *Fearance v. Scott*, 56 F.3d 633, 636 (5th Cir. 1995). Thus, "an omission of a claim [in an earlier habeas petition] may be excused for cause *only if the question was so novel that it lacked a reasonable basis in existing law.*" *James v. Cain,* 50 F.3d 1327, 1331 (5th Cir. 1995) (citing *Selvage,* 975 F.2d at 135) (alterations in original). A "reasonable basis" only requires that counsel be able "to formulate a constitutional question." *James*, 50 F.3d at 1331 (citation omitted). Therefore, if "other defense counsel have perceived and litigated [a] claim," there is cause to avoid the abuse-of-the-writ procedural bar. *Engle v. Isaac,* 456 U.S. 107, 134 (1982).

Applying this standard, McLemore has not shown that his state habeas counsel's amended application was an external impediment that prevented him from complying with the abuse-of-writ doctrine or that his claims regarding the amendment were not "reasonably available" when he filed his state petition. McLemore was aware of the basis for his claims, as illustrated by his original application. *See* ECF No. 25-14 at 47-59. His counsel's amendment of those claims is not an external factor that prevented him from developing a factual or legal basis for a claim. McLemore voluntarily retained his counsel, and no official or other person interfered in such a way that made his compliance with the State's procedural rule impracticable. Nor can McLemore show that the factual or legal basis for his claims was not reasonably available to his counsel.

McLemore had a sufficient basis to allege his claims in his first state habeas petition, and his failure to review his counsel's amended application is not an external impediment that constitutes cause.

While McLemore is correct that in certain limited circumstances counsel's ineffectiveness in failing to properly preserve a claim for review in state court will constitute "cause," such instances require ineffectiveness that violates the Constitution, and even then, the claim generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards*, 529 U.S. at 452 (citing *Murray*, 477 U.S. at 488-89). McLemore's state habeas counsel raised six claims of ineffective assistance of trial counsel in the amended habeas application. ECF No. 25-13 at 11-16. Just because these claims were not the same eight claims that McLemore raised in his original petition does not mean his habeas counsel's performance was so ineffective as to have violated his constitutional rights. Rather, his habeas counsel acted within her role as McLemore's lawyer, and she put forth McLemore's best claims as she saw them. Additionally, even if the Court construed the amendment as evidencing ineffective assistance, McLemore was required to exhaust this independent claim in state court before he could raise it to prove evidence of cause in this Court.

Moreover, McLemore cannot establish prejudice or demonstrate that application of the procedural bar will result in a miscarriage of justice because the evidence at trial was constitutionally sufficient to support his conviction. The standard of review for a challenge to the sufficiency of the evidence is whether, when viewed in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Viewed in that light, the evidence supports the jury's verdict. Based on the evidence of the complainant's testimony and interviews and the contents of McLemore's cell phone that included evidence of accessing and viewing child

pornography and sexual acts between parents and their children, a rational factfinder could have found McLemore guilty of the offense charged. *See* ECF No. 25-14 at 14-16. McLemore cannot demonstrate that the application of the procedural bar will result in any prejudice or a miscarriage of justice.

Accordingly, this Court cannot review the merits of McLemore's claims 1(c-f) and 2 since the adequate and independent state ground doctrine "bar[s] federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-730.

### B.   Though not procedurally barred, McLemore's claims 1(a-b) fail because McLemore did not establish that he was denied effective trial counsel.

McLemore's remaining claims that his trial counsel was ineffective for failing to object to testimony allegedly bolstering the complainant's testimony and testimony regarding his refusal to take a mental health examination are not procedurally barred as McLemore raised them in his amended habeas application in state court. *See* ECF No. 25-13 at 11-16. Respondent asserts that McLemore's claims are without merit because he did not establish that his counsel's performance was constitutionally deficient and that it prejudiced his right to a fair trial. ECF No. 32 at 9-10. Specifically, Respondent contends that McLemore's complaint that his trial counsel should have objected to the testimony of Officer Richard Ferguson and Ranger Corey Lain about the complainant's credibility as bolstering, is without merit as the complainant's credibility was a focal point of the trial. *Id.* at 12. As to McLemore's second claim, Respondent states that McLemore's trial counsel did object to the testimony regarding his refusal to take a mental health examination, and thus his claim is invalid. *Id.* at 13. Additionally, Respondent argues that the Court should deny McLemore's claims because he cannot show that any deficiencies of counsel prejudiced him as required by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). *Id.* at 14.

The Sixth Amendment to the Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). To succeed on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland*, 466 U.S. at 687. First, he must establish that his attorney's performance fell below an objective standard of reasonable professional conduct. *Id.* For example, the petitioner's counsel must have made errors so serious, as to not be considered functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Merely disagreeing with the counsel's trial strategy will not support a claim of ineffective assistance of counsel. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citation omitted). Additionally, counsel's "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness[.]" *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 466 U.S. at 687. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; s*ee also Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994).

McLemore's ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. There is no evidence that McLemore's trial counsel was ineffective for not objecting to Officer Ferguson and Ranger Lain's testimony regarding the

complainant's credibility as bolstering. *See Guerra v. State*, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988) ("Bolstering occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by that same party"). Both Officer Ferguson and Ranger Lain testified concerning the complainant's credibility in light of discrepancies between her first and second videotaped interviews. ECF No. 24-3 at 2-6. Their testimony was not bolstering under Texas law because the complainant's credibility became a main focal point of the trial after the jury viewed her conflicting pre-recorded interviews. Officer Ferguson and Ranger Lain testified regarding the complainant's credibility after it already had been attacked. Their testimony was relevant to establish the complainant's credibility and was not bolstering. Furthermore, McLemore has not shown that had his trial counsel objected to this testimony the Court likely would have sustained his objection or that failure to object was an unreasonable trial tactic. *See United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987) (counsel's ineffectiveness depends on whether a motion or an objection would have been granted or sustained had it been made); *see Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) ("failure to object to leading questions and the like is generally a matter of trial strategy as to which we will not second guess counsel").

Likewise, McLemore's claim that his trial counsel was ineffective for failing to object to testimony regarding his refusal to take a mental health examination is unpersuasive. The record reflects that McLemore's counsel objected to the testimony regarding the mental health examination and told the trial judge that he instructed McLemore not to take the exam. ECF No. 24-3 at 17-19. As to McLemore's claim that his counsel should have requested limiting instructions to the jury regarding the State's question and the witness's answer, McLemore does not establish that the trial court's ruling would have been any different had his trial counsel made such a request.

11

Absent such a showing, as noted above, McLemore has not established that his trial counsel was ineffective. Accordingly, the Court should deny McLemore's ineffective assistance of counsel claims on these points.

## IV.     CONCLUSION

Having independently reviewed the state court record as it relates to McLemore's petition, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts based on the evidence. McLemore's claims 1(c-f) and 2 are procedurally barred as the state court decided his state habeas application on independent and adequate grounds. McLemore has not shown cause and prejudice or a miscarriage of justice that would allow the Court to review these claims. His remaining claims, 1(a-b), are not procedurally barred, but they lack merit as McLemore did not establish that he was denied effective assistance of trial counsel. The state court's conclusion on that point does not conflict with any clearly established federal law as determined by the Supreme Court, nor was it "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). The record does not support McLemore's conclusory allegations to the contrary, and thus the state court was correct in determining his claims were without merit. For these reasons, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 22, 2021.

                                                   Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE