**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| JAKE BRADLEY MCLEMORE, § | |
| TDCJ No. 1992446, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00046-M-BP |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Objections to the Magistrate Judge's Report and Recommendation filed on July 1, 2021 by Petitioner Jake Bradley McLemore ("McLemore") and McLemore's Motion Requesting the Court to Re-open Time to Issue Objections to the Magistrate's Report filed on October 4, 2021. ECF Nos. 43-44. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn construe McLemore's Objections (ECF No. 43) as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), construe his Motion (ECF No. 44) as a motion for relief from the judgment under Rule 60(b), and **DENY** the Objections and Motion.

**I.     BACKGROUND**

McLemore, an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on May 7, 2019. ECF No. 1. The undersigned entered Findings, Conclusions, and Recommendation (an "FCR") on April 22, 2021, recommending that Chief Judge Lynn deny

the petition. ECF No. 38. McLemore moved for an extension of time to file objections on May 6, 2021. ECF No. 39. On May 7, 2021, the Court granted his motion and extended the deadline for filing his objections until June 7, 2021. ECF No. 40. On June 15, 2021, Chief Judge Lynn accepted the undersigned's FCR and entered a Judgment denying McLemore's petition with prejudice. ECF Nos. 41-42.

On July 1, 2021, McLemore's Objections were filed. ECF No. 43. According to the Certificate of Service, McLemore served the Objections on June 16, 2021. *Id.* at 7. McLemore objects to the undersigned's FCR, claiming that the undersigned erred (1) in finding he failed to show cause to avoid the Texas abuse-of-writ doctrine; (2) in concluding that the Court could not review his claim because of a default in the state habeas corpus proceedings; and (3) in concluding his state court trial counsel was not ineffective. *Id.* at 3-7.

In his Motion, McLemore argues the Court should accept his late-filed Objections because he did not receive the Court's Order Accepting Findings and Recommendation of the undersigned and the Judgment until June 18, 2021. ECF No. 44. After waiting on the Court's ruling on his motion for extension of time to file objections (ECF No. 39), McLemore claims that he mailed his Objections to the clerk on June 16, 2021. ECF No. 44 at 2. Although he does not state when he received the Court's Order granting his motion for an extension of time to file objections, McLemore implies he did not receive it before June 16 when he mailed his Objections to the clerk's office for filing. *Id.* In support of his Motion, McLemore asserts that the Court should consider his Objections so he can have an opportunity to be heard under the 14th Amendment. *Id.* at 3. He requests that the Court consider his Objections and enter a different judgment that grants his petition for habeas corpus on the merits. *Id.* at 3-4.

## II.     ANALYSIS

McLemore's Objections were filed on July 1, 2021, which was within twenty-eight days after entry of the judgment on June 15, 2021. *See* ECF Nos. 42-43. Accordingly, the Court should liberally construe them as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Franklin v. Polk*, No. 3:21-cv-1626-E-BH, 2021 WL 4342341, at *1 (N.D. Tex. Sept. 8, 2021), *rec. adopted*, 2021 WL 4319668 (N.D. Tex. Sept. 23, 2021); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *Rogers v. McKee*, No. 9:06-cv-228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (objections to magistrate judge's recommendation filed after dismissal of habeas petition construed as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001)). Because McLemore's Motion was filed more than twenty-eight days after judgment was entered, the Court should construe it as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). *Garrison v. United States*, No. 3:21-cv-1091-D, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021).

To obtain relief from the Judgment under Rule 59(e), McLemore must demonstrate "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Franklin*, 2021 WL 4342341, at *2. A motion filed under Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Courts have "considerable discretion" to grant or deny relief under this provision, but such relief is "an extraordinary remedy that should be used

sparingly." *Id.* (citations omitted). In deciding whether to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). The rule permits relief for six enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect;" "fraud . . . misrepresentation, or misconduct by an opposing party;" a void judgment; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (4), and (6). Subsection six "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). A Rule 60(b) motion constitutes a successive habeas petition when it attacks a judgment on the merits of a previously filed petition. *Will v. Lumpkin*, 978 F.3d 933 (5th Cir. 2020).

Chief Judge Lynn should deny McLemore's Objections under Rule 59. The Objections do not assert any change in controlling law or newly discovered evidence that would support revision of the judgment under Rule 59. Nor do the Objections demonstrate any manifest error in law or fact. Each objection McLemore asserted was presented in his petition and addressed by the undersigned in the FCR. McLemore's Objections present no manifest error of law or fact that would warrant Chief Judge Lynn's reconsideration of the petition or revision of the judgment.

Likewise, McLemore's Motion offers no basis for relief from the judgment under Rule 60(b). At the outset, the Court notes that because McLemore's Motion seeks relief from the judgment on the basis of late-filed objections and does attack the judgment on the merits, the Motion should not be viewed as a successive habeas petition. *See Will*, 978 F.3d 933. Nevertheless,

4

McLemore has not explained why he is entitled to relief from the Judgment. He offered no facts explaining why he did not file timely objections to the undersigned's FCR. He asserts that a delay in receiving the Court's Order Accepting Findings and Conclusions and Judgment denied his 14th Amendment right to due process. ECF No. 44 at 2-3. However, McLemore does not explain how a delay in receiving the Order and Judgment violated his rights.

Moreover, although he suggests that he did not receive the order granting an extension to file objections until over a month after the order was filed and mailed to him, neither his Objections nor his Motion specifically state this fact or provide evidence to reach such a conclusion. In support of his Motion, McLemore offered the affidavit of Monique Redic, TDCJ's records custodian, concerning a legal letter received at the Coffield Unit on June 18, 2021 and delivered to McLemore on June 24, 2021. ECF No. 44 at 11. McLemore asserts that this letter contained the Court's Order Accepting Findings and Recommendation of the undersigned. *Id.* But this sequence of mail delivery is irrelevant to the question of why McLemore did not file his Objections on or before June 7, 2021, the deadline set in the Court's order dated May 7, 2021. Because he offers no facts justifying this delay or explaining why relief from the judgment under Rule 60(b) is proper, Chief Judge Lynn should deny McLemore's Motion.

### III. CONCLUSION

Chief Judge Lynn should construe the Objections to the Magistrate Judge's Report and Recommendation (ECF No. 43) as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and should construe the Motion Requesting the Court to Re-open Time to Issue Objections to the Magistrate's Report (ECF No. 44) as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). For the reasons previously stated, she should **DENY** the Objections and Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 6, 2021.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE